**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**EVA DENISE MONTOYA,**

    **Plaintiff,**

**v.**                                                                 **No. 11-cv-0814 RB/SMV**

**MARCUS ROMERO, in his individual capacity,**

    **Defendant.**

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL

THIS MATTER is before the Court on Plaintiff's Motion to Compel Deposition Testimony and Answers to Interrogatories, and for Additional Time to Conduct Inspection of Hard Drive [Doc. 105] ("Motion"), filed on January 30, 2013. Defendant responded on January 31, 2013. [Doc. 106] ("Response"). Plaintiff did not reply. The Court heard from the parties at a hearing on the Motion on March 11, 2013. The Court, being fully advised in the premises, finds that the Motion is well-taken in part and, therefore, will order the Motion GRANTED IN PART and DENIED IN PART.

This action arises from alleged retaliation by Defendant, a police officer with the Village of Cuba Police Department ("CPD") for Plaintiff's circulation of a petition expressing displeasure with CPD in 2010. *See* First Amended Complaint [Doc. 29]. Plaintiff asserts federal civil rights and state tort claims against Defendant. *See id.* (identifying claims asserted); Memorandum Opinion and Order [Doc. 72] (dismissing certain claims and parties).

A settlement conference was conducted on December 28, 2012. Clerk's Minutes [Doc. 88]. The parties did not reach a settlement agreement at that time. *Id.* In the hopes of

facilitating a future settlement, the Court extended discovery to allow the parties to depose certain witnesses. Order Extending Discovery [Doc. 89]. The Motion at bar relates to that discovery.

### **Deposition Testimony of Aranda Romero**

Plaintiff moved to compel deposition testimony by a defense witness named Aranda Romero. Motion [Doc. 105] at 1–3. During Ms. Romero's deposition on January 23, 2013, defense counsel had objected to questioning regarding Ms. Romero's alleged status as a confidential informant. *Id.* at 2–3, [Doc. 105-1] at 1. Defendant argued that such information is generally privileged. Response [Doc. 106] at 1–2. Therefore, Defendant sought the Court's guidance on the issue. *Id.* at 2.

The Court is not aware of a privilege that protects a witness's status a confidential informant, but even if there were such a privilege, it does not appear from the deposition transcript that such a privilege was invoked. *See* Motion [Doc. 105-1] at 1–10 (relevant excerpts of deposition transcript). Certainly, protecting a witness's status as a confidential informant would be an appropriate subject for a motion for protective order, but no such motion was filed by Ms. Romero. The Court finds nothing improper about defense counsel's actions regarding this matter at the deposition. The Court further finds that, at this time, there is nothing preventing Ms. Romero from testifying.

Therefore, the Court grants the motion to the extent that Plaintiff may continue Ms. Romero's deposition solely for the purpose of questioning her regarding her cooperation with the Cuba Police Department and any favorable treatment that she may have been offered or

received in exchange for testimony in the related criminal matters. The Court encourages the parties to complete the deposition by telephone.

### Plaintiff's Interrogatories to Defendant

Plaintiff further moved to compel Defendant to respond to certain interrogatories. [Doc. 105] at 4. Plaintiff argued that Defendant had agreed to answer the interrogatories during the period of reopened discovery. [Doc. 105] at 4. Defendant denied such agreement. [Doc. 106] at 3. The Court's notes do not reflect the negotiations regarding extended discovery, and the Court does not recall any agreement regarding the interrogatories. The Court denies the motion as it relates to the interrogatories.

### Extension of Time to Inspect a Hard Drive

Finally, Plaintiff moved for an extension of the discovery deadline for all counsel to inspect a hard drive, [Doc. 105] at 4–5, and Defendant agreed, [Doc. 106] at 3. The parties advised at the hearing that the hard drive issue is now moot. Audio Recording of Oral Argument held on March 11, 2013, at 0:04:55–0:05:00. Therefore, the Court denies as moot the Motion as it relates to the hard drive.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff's Motion to Compel Deposition Testimony and Answers to Interrogatories, and for Additional Time to Conduct Inspection of Hard Drive [Doc. 105] is **GRANTED IN PART and DENIED IN PART** as described herein.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**